

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DE-YI ZHENG
Vs.
ALEJANDRO SORIANO

C.A. No.   2006 CA 000337 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R. WRIGHT
Date:   January 19, 2006
Initial Conference: 9:30 am, Friday, April 21, 2006
Location: Courtroom 200
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

06 0291

FEB 1 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CORPORATE LITIGATION
HARTFORD

JAN 23 2006

RECEIVED PM

EXHIBIT A

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

De-_/_ _ _ _

_Plaintiff_

06-0000337
Civil Action No. _____

vs.

_[handwritten]_
_Defendant_
11800 Old Georgetown Rd #1701
Rockville, MD _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

_____
Name of Plaintiff's Attorney

_____
Address

_____

_____
Telephone

By _____
    Deputy Clerk

Date _____
JAN 19 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

06-0000337

| | | |
|---|---|---|
| DE-YI ZHENG<br>1553 9th St., N.W.<br>Washington, D.C. 20001 | * | Civil Action#    -06 |
| | * | Calendar _____ |
| PLAINTIFF | * | Judge _____ |
| v. | * | |
| MR. ALEJANDRO SORIANO<br>11800 Old Georgetown Road #1741<br>Rockville, Maryland 20805<br>&<br>TRAVLERS INSURANCE COMPANY<br>One Tower Square<br>Hartford, Conn. 06183<br>Attention: Litigation Unit<br>&<br>Nesto Santoval<br>(Contractor for Mr. Soriano)<br>Takoma Park, MD | * | RECEIVED<br>Civil Clerk's Office<br>JAN 19 2006<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |
| DEFENDANTS | * | |

COMPLAINT

Mr. De-Yi Zheng (hereafter referred as "Mr. Zheng"), Plaintiff, owner of the real property at 1553 9th St. N.W., Washington, D.C. 20001, (hereafter known as "1553 9th St.") by and through his attorney, B. Marian Chou, files this complaint jointly and severally against Mr. Alejandro Soriano (hereinafter known as Mr. Soriano) owner of 1555 9th St. N.W. Washington D.C. 20001 (hereinafter known as "1555 9th St."); Travelers Insurance Company, (hereinafter known as "Travelers") is a home insurance company doing business in D.C.  Mr. Nestor Santoval, contractor for Mr. Soriano as defendants.

1

The Plaintiff also demands a jury trial in this case.

Plaintiff states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter since the Plaintiff, **Mr. Zheng**, has been a resident of the District of Columbia for <u>six months</u> prior to the filing of this case in Court. The subject matter of the case is a real property dispute which is located within the boundaries of the District of Columbia.

## STATEMENT OF FACTS

2. In 2004, Plaintiff, purchased real property real property located at 1553 9th St. N.W. Washington, D.C. 20001 (hereinafter known as "**1553 9th St.**") He paid four hundred and thirty thousand dollars ($430,000) for the home. When he acquired the property his plan was to open a restaurant in the downstairs portion of the home and live on the second floor with his family. Plaintiff Zheng, and Defendant Soriano are neighbors. <u>Plaintiff's property borders Defendant Soriano's property.</u>

3. After acquiring "**1553 9th St.**" Plaintiff contracted with a D.C. contractor, Mr. Marvin Taylor, to perform some home improvements tasks on the building. The home was habitable at the time of acquisition. Plaintiff obtained a mortgage for the house. The property at "**1553 9th St.**" appraised above the purchase price so it was worth the additional improvement investment by Plaintiff. Mr. Zheng was required to obtain a home insurance policy prior to the settlement, which he purchased from defendant, **Travelers Insurance Company,** through an insurance agent.

4. According to Mr. Zheng's recollection, Mr. Soriano's house was a shell, halfway collapse. After Mr. Zheng acquired his property, Mr. Zheng started his renovation.

2

When Mr. Zheng just started his renovation, Mr. Soriano's house was totally collapsed. When Mr. Soriano's house collapsed, it dragged down Mr. Zheng's party wall.

5. As a direct and proximate cause of Defendant Soriano's construction which eroded the foundation around the border of "1555 9th St." Plaintiff's entire joint wall with his neighbor collapsed without notice rendering the property at "1553 9th St." totally uninhabitable as his home on the second floor or to operate as his restaurant business on the first floor resulting in his loss of earnings for his family and severe emotional distress for him and his family.

6. Following the joint wall collapse of the buildings, Defendant Soriano induced Plaintiff to sign a contract that he would fix the collapsed wall for nineteen thousand dollars ($19,000). This contract was written in English, and plaintiff, only speaks Chinese. There has never been any proper and adequate English to Chinese interpretation or translation provided to Mr. Zheng. Mr. Zheng felt sorry for Mr. Soriano's family condition and believed that Mr. Soriano would be responsible to carry out his promise; Mr. Zheng signed the contract and addendum. Defendant Soriano has not taken any action to repair the joint collapsed wall to date and has not fulfilled the terms of the contract for the repairs.

7. After the joint wall collapsed, Plaintiff has filed a proper claim with his insurance carrier, Travelers Insurance Company, defendant. Defendant Travelers refused to pay his claim and terminated his coverage. Mr. Zheng has never received any portion of unused premiums of proceeds.

## COUNT ONE – NEGLIGENCE

8. The Plaintiff realleges and incorporates by reference paragraphs 1-7 above.

3

9. Plaintiff, has full statutory and legal authority to bring this action for damages to the common walls of his building located at "1553 9th St.". The Defendant, Mr. Soriano, failed to supervise the construction process on his own building located at "1555 9th St".

10. Investigation of the structure has revealed life threatening construction defects. These defects have led to severe corrosion of the foundation of Plaintiff's property leading to collapse of common wall. The personal property inside "1553 9th St." was not secured and was damaged as well. The renovation completed inside 1553 9th St., was totally wasted.

11. These conditions present a clear and immediate risk of death or serious personal injury to the Plaintiff, pedestrians and visitors to the building. The D.C. governmental agency ordered Plaintiff to demolish or raze the property or D.C. will condemn the property.

12. To prevent death or serious injury, the Plaintiff must retain professional engineers and another contractor to demolish his property and put up a fence.

13. Defendants Soriano owed duties to the Plaintiff to perform any construction on "1555 9th St." in accordance with all applicable building and safety codes and in accordance with accepted industry practices and standards. Defendants further owed Plaintiff the duty to ensure that his structure was free from any latent defects which posed clear dangers of death or serious injury.

14. Defendant Soriano and his negligent contractor breached their duties and were negligent in failing to specify and provide an adequate depth of materials and dirt to secure and support the foundation from collapse. Defendant Soriano has breached his duties and was negligent at "1555 9th St." in such a fashion that the construction site

4

around the border and foundation of his building violated all applicable building and safety codes and caused the joint wall to collapse. The proper supports were not put in place to prevent the wall's collapse.

15. The construction design, and construction at "1555 9th St." violated accepted industry standards and local practice. The collapse of the joint wall of the two buildings poses an immediate threat of death or serious injury for the Plaintiff and others visiting the buildings.

16. As a result of the negligence of Defendant Soriano, the building known as "1553 9th St." has been rendered essentially uninhabitable due to the collapsed joint wall. The plaintiff has been forced to retain professional engineers and contractors to diagnose, and repair the defective conditions at great cost to the Plaintiff, and has otherwise been damaged. He has lost his home and his restaurant business which was to be his primary livelihood.

## COUNT TWO
### STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITY

17. The Plaintiff realleges and incorporates by reference paragraphs 1-16 above.

18. In 2005, Defendant Soriano and his contractor decided to fix his own collapsing house and dig a huge hole around foundation of 1553 and 1555 9th St. which caused the 1553 wall fell off from the 1553 9th St., property.

19. Defendant Nestor Santoval conduct in digging the huge hole and weakening the foundation of "1555 9th St. N.W." constituted an abnormally dangerous activity which exposed Plaintiff to an unreasonable risk of harm.

20. At all times, Defendant Soriano had control over the abnormally dangerous

5

activity of digging a huge hole around the foundation of his property and border with his neighbor and weakening the joint wall causing its collapse. The digging of this huge hole around the foundation of "1555 9th St." presented a high risk of harm to the surrounding land of others. It had a likelihood that the harm that resulted would be great because of the inappropriateness of the activity.

21. Plaintiff Zheng sustained serious injury to his property and restaurant and emotional damage to his person and family, when the huge hole that Defendant Soriano dug around his foundation caused the joint wall to collapse and render his building uninhabitable and his restaurant gone. Such injuries being the direct result of Defendant Soriano's conduct in carrying on the **abnormally dangerous activity** of digging a huge hole without the necessary supports around the foundation of "1555 9th St." and causing the collapse of the joint wall with "1553 9th St.".

22. The strict liability for **abnormally dangerous activity** does apply to Defendant since he is the owner of "1555 9th St." where these events occurred. Defendant Soriano had the duty to control the activity which caused the harm to Plaintiff. Accordingly, the focus of the Court in deciding these cases has centered on whether the activity involved was abnormally dangerous in relation to the area in which it occurred. The most crucial factor is the appropriateness of the activity and the particular place where it is being carried on. The activity itself (the digging of the huge hole without supports) need not be extremely dangerous rather the activity need only be abnormally dangerous in relation ship to its surroundings.

## COUNT THREE – BREACH OF CONTRACT

23. The Plaintiff realleges and incorporates by reference paragraphs 1-22 above.

6

24. Following the joint wall collapse of "1553 9th St." Plaintiff entered into an agreement with Defendant Soriano, whereby Defendant Soriano contracted to repair the structural damage to "1553 9th St." for the amount of nineteen thousand dollars ($19,000).

25. To date, Defendant Soriano has refused to fulfill the terms of the aforementioned contract, thereby materially breaching his contract to repair the collapsed joint wall with Plaintiff.

25. Plaintiff has incurred a loss of over **two million dollars, ($2,000,000)** as a result of the breach by Defendant Soriano of the contract.

## COUNT FOUR - INDEMNIFICATION

### Defendant- Travelers Insurance Company

26. The plaintiff realleges and incorporates by reference paragraphs 1-26 above.

27. Plaintiff, Mr. Zheng, sues Travelers Insurance Corporation (*herinafter known as* "**Travelers**") and states "**Travelers**" is an insurance company doing business in the District of Columbia.

28. Plaintiff entered into an home insurance policy with "**Travelers**" for Indemnification for certain losses sustained to the property located at "**1553 9th St.**" the insurance policy that covered the loss sustained by Plaintiff

29. Plaintiff asserts that under his insurance policy with Defendant "**Travelers**", He is covered and should have been indemnified for all his losses connected to the joint wall collapse since Defendant Soriano was directly responsible for it. "Defendant, "**Travelers**", agreed to be bound to the policy by its terms and conditions, and assumed

7

all the obligations and responsibilities set out in Plaintiff's policy as the owner of "1553 9th St.".

## COUNT FIVE – EMOTIONAL DISTRESS

### ALL DEFENDANTS

31. Plaintiff realleges and incorporates by reference paragraphs 1-30 above.

32. Plaintiff and his family have suffered severe emotional distress as a direct result of the actions of the Defendants and damages sustained to his home and business and should be compensated accordingly.

## COUNT SIX-BUSNIESS LOSS

33. Mr. Zheng believes that he has suffered tremendously due to Mr. Soriano's misrepresentation. Mr. Sorino ruined Plaintiff's chance to own a property, operate a business and pay a mortgage of $2,600 a month for no income. Mr. Zheng believes that his income is reduced drastically and incurs unnecessary expenses.

## PRAYER FOR RELIEF

**WHEREFORE,** under the express indemnity provision of Plaintiff's insurance policy with Defendant, **"Travelers"** set forth herein, Defendant "Travelers" will be liable to Plaintiff Zheng, for all of the damages, **Four Hundred Thirty Thousand Dollars**, ($430,000.) to his home and restaurant business plus interest and costs which stemmed from the insurance covered joint wall collapse through no fault of the Plaintiff.

**Furthermore,** the Plaintiff demands judgment against Defendant Soriano, for **two million dollars, ($2,000,000)** in compensatory damages plus interest and the cost of this case.

8

I hereby certify that I have read the above complaint and believe the facts are true to my best belief.

_____  1/18/06
DE-YI Zheng                Date

_____
Notary
My Commission Expires February 14, 2009

Respectfully Submitted,

_____
B. Marian Chou, Esq., (#433279)
Attorney for Plaintiff Zheng
800 7th St., N.W., #201
Washington, D.C., 20001
202-783-2794

9