UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DE-YI ZHENG,** : |  |
| : |  |
| **Plaintiff,** : |  |
| : |  |
| v. : | Civil Action No. 06-291 (GK) |
| : |  |
| **ALEJANDRO SORIANO,** *et al.*, : |  |
| : |  |
| **Defendants.** : |  |

## ANSWER OF THE STANDARD FIRE INSURANCE COMPANY (INCORRECTLY IDENTIFIED AS TRAVELERS INSURANCE COMPANY)

Defendant The Standard Fire Insurance Company ("Standard Fire"), incorrectly identified as Travelers Insurance Company, by its undersigned attorneys, responds to the allegations of the complaint filed by Plaintiff De-Yi Zheng ("Zheng") as follows:

1.   In response to paragraph 1 of the complaint, Standard Fire admits that Zheng is a resident of the District of Columbia, and that the real property that is the subject of Zheng's claims is located in the District. The remaining allegations of paragraph 1 consist only of legal conclusions, to which no response is required.

2.   Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.   In response to the allegations of paragraph 3, Standard Fire states that it issued to Zheng a Homeowners Policy, policy number 976991763 633 1 ("the Policy"), effective April 20, 2004, to April 20, 2005, with respect to a residence premises located at 1553 9th Street, N.W., Washington, D.C. 20001. Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4-6.    Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4 through 6.

7.    In response to the allegations of paragraph 7, Standard Fire states that Zheng submitted a claim to Standard Fire on or about January 7, 2005, and that Standard Fire denied coverage for that claim on or about February 24, 2005.

8.    Standard Fire incorporates by reference its responses to all foregoing paragraphs of the complaint.

9-16.    Paragraphs 9 through 16 of the complaint are not directed at Standard Fire, and therefore no response is required from Standard Fire.  To the extent that a response is deemed required, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 9 through 16.

17.    Standard Fire incorporates by reference its responses to all foregoing paragraphs of the complaint.

18-22.    Paragraphs 18 through 22 of the complaint are not directed at Standard Fire, and therefore no response is required from Standard Fire.  To the extent that a response is deemed required, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 18 through 22.

23.    Standard Fire incorporates by reference its responses to all foregoing paragraphs of the complaint.

23-25.    Paragraphs 23 through 25 of the complaint are not directed at Standard Fire, and therefore no response is required from Standard Fire.  To the extent that a response is deemed

required, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 23 through 25.

26. Standard Fire incorporates by reference its responses to all foregoing paragraphs of the complaint.

27. In response to paragraph 27, Standard Fire states that it is an insurance company incorporated in Connecticut, with its principal place of business in Hartford, Connecticut, and that it is licensed in the District of Columbia.

28. In response to paragraph 28, Standard Fire states that it issued the Policy, which speaks for itself, to Zheng.

29. In response to paragraph 29, Standard Fire states that Zheng's rights against Standard Fire are subject to and limited by the terms of the Policy (including all conditions, exclusions, definitions, deductibles, and limits of liability), which speaks for itself.  Standard Fire denies that coverage exists for Zheng's loss under the Policy.

30. There is no paragraph 30 to which Standard Fire can respond.

31. Standard Fire incorporates by reference its responses to all foregoing paragraphs of the complaint.

32. Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

**All allegations of the complaint not specifically admitted above are hereby denied.**

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Zheng's rights, if any, against Standard Fire are subject to and limited by the terms of the Policy, including all conditions, exclusions, definitions, deductibles, and limits of liability.

## THIRD DEFENSE

The doctrine of waiver bars Zheng's claims. In particular, by written agreement with Alejandro Soriano, Mr. Zheng agreed "not to submit this matter to [Zheng's] insurance company and to void any previous claim submissions which would represent a duplication of [Soriano's] agreement to make the repairs to the common wall and facade of [Zheng's] building and which could then allow the insurance companies to subrogate this matter against [Soriano]."

## FOURTH DEFENSE

The doctrine of estoppel bars Zheng's claims.

## FIFTH DEFENSE

Zheng's claims are barred by fraud, including but not limited to intentional misrepresentations by Zheng to Standard Fire on February 16, 2005, that Zheng had no pre-existing relationship with MT Builders, that the property was in good condition prior to the alleged loss, and that Zheng had entered into no agreement with Alejandro Soriano.

## SIXTH DEFENSE

For the reasons stated in Standard Fire's Fifth Defense, Zheng's claims are barred by the "Concealment or Fraud" provision of the Policy, which states:

THE ENTIRE POLICY WILL BE VOID IF, WHETHER BEFORE OR AFTER A LOSS, ANY INSURED HAS:
a. INTENTIONALLY CONCEALED OR MISREPRESENTED ANY MATERIAL FACT OR CIRCUMSTANCE;
b. ENGAGED IN FRAUDULENT CONDUCT; OR
c. MADE FALSE STATEMENTS RELATING TO THIS INSURANCE.

## SEVENTH DEFENSE

Zheng's claims are barred by illegality.

## EIGHTH DEFENSE

Zheng's claims are barred by the exclusion in the Policy for

DEFECTIVE, INADEQUATE, OR FAULTY:
1. DEVELOPMENT, SUBDIVIDING, SURVEYING, OR SITING; INCLUDING GRADING, EXCAVATION, AND SOIL COMPACTION;
2. SPECIFICATIONS, BUILDING CODES OR THEIR ENFORCEMENT OR ZONING REQUIREMENTS;
3. ALTERATION, CONSTRUCTION, REPAIRS, RENOVATION, OR REMODELING;
4. MATERIALS RECOMMENDED, SELECTED, SUPPLIED, OR USED IN ALTERATION, CONSTRUCTION, REPAIRS, RENOVATION OR REMODELING;
5. MAINTENANCE.

## NINTH DEFENSE

Zheng's claims fall outside policy coverage to the extent that the loss or damage occurred prior to the effective date of the Policy.

TENTH DEFENSE

Zheng's claims may be barred, in whole or in part, by the Policy exclusion for "LOSS CAUSED BY COLLAPSE OTHER THAN PROVIDED AS **ADDITIONAL COVERAGE 8**."

ELEVENTH DEFENSE

Standard Fire reserves the right to supplement its answers and defenses as additional facts become known to it.

                                           Respectfully submitted,

                                           /s/

                                         Lee H. Ogburn, Bar No. MD 00118
                                         Steven M. Klepper, Bar No. MD 26664
                                         KRAMON & GRAHAM, P.A.
                                         One South Street, Suite 2600
                                         Baltimore, Maryland  21202
                                         410.752.6030 (voice)
                                         410.539.1269 (facsimile)
                                         *Attorneys for The Standard Fire Insurance Company (incorrectly named as Travelers Insurance Company)*

Dated:  February 27, 2006