IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DE-YI ZHENG                                  :

      Plaintiff,                          :

      v.                                        :        Case No.  1:06CV00291 (GK)

MR. ALEJANDRO SORIANO et al.    :

      Defendants.                       :

### ANSWER AND COUNTERCLAIM OF ALEJANDRO SORIANO

      Defendant, Alejandro Soriano ("Soriano"), by counsel, responds to the allegations of the complaint filed by Plaintiff De-Yi Zheng ("Zheng") as follows:

      1. In response to paragraph 1 of the complaint, Soriano admits that Zheng is a resident of the District of Columbia, and that the real property that is the subject of Zheng's claims is located in the District. The remaining allegations of paragraph 1 consist only of legal conclusions, to which no response is required.

      2. Soriano is without knowledge or information sufficient to form a belief as to the truth of the allegations of first three sentences of paragraph 2.  Denied that Zheng and Soriano are neighbors, in terms of their residences, but, admitted that the Zheng property borders the property owned by Soriano.

      3.  In response to the allegations of paragraph 3, Soriano admits that Zheng hired Marvin Taylor to perform work on the Zheng property.  Admitted that defendant Standard Fire issued a policy of insurance on the Zheng property.  Soriano is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. In response to the allegations of paragraph 4, Soriano can not admit or deny the first sentence. The second sentence is admitted in so far as Zheng performed work on his property after he acquired it. The third and fourth sentences are denied. In further answer, Soriano asserts that any damage to the Soriano property was caused by Zheng's contractor.

5. The allegations of paragraph 5 are denied.

6. In response to the allegations of paragraph 6, Soriano admits that Zheng and Soriano entered into a written agreement for the payment of $23,000 to Zheng in full settlement of all claims of Zheng against Soriano, including any repairs to be made to the common party wall of the properties. The remainder of the first sentence is denied. In the second sentence, admitted that the agreement is written in English; denied that Zheng only speaks Chinese. Soriano is without knowledge or information to admit or deny the third sentence, but denies that any translation is required. The fourth sentence is denied.

7. Based on the answer of defendant Standard Fire, on information and belief Soriano states that Zheng submitted a claim to Standard Fire on or about January 7, 2005, which claim was denied.

8. Soriano incorporates by reference his responses to all foregoing paragraphs of the complaint.

9. Denied.

10. Soriano is without knowledge or information to admit or deny the second sentence of paragraph 10. The remainder of the allegations of paragraph 10 are denied.

11. In response to the allegations of paragraph 11, Soriano denies the first sentence. Soriano further states that as of the date of this Answer, the Zheng property has been razed.

12. Admitted that the Zheng property has been razed and a fence erected.

13. Denied.

14. In response to the allegations of paragraph 14, Soriano denies the allegations of the first and second sentences. In response to the allegations of the third sentence, Soriano states that any improper work performed at the properties was performed by the contractor, Melvin Taylor, selected by Zheng.

15. In response to the allegations of paragraph 15, Soriano is unable to admit or deny the first sentence, because the "construction" at 1555-9th Street is not identified. Soriano states, however, that any improper construction was the result of the actions of Zheng and the contractor selected by Zheng. The second sentence is denied.

16. Denied.

17. Soriano incorporates by reference his responses to all foregoing paragraphs of the complaint.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Soriano incorporates by reference his responses to all foregoing paragraphs of the complaint.

24. Admitted that Zheng and Soriano entered into an agreement to settle all damages to their respective properties. The remainder of paragraph 14 is denied.

25. Denied.

Second paragraph 25. Denied.

26 – 29. Paragraphs 26 through 29 of the complaint are not directed at Soriano, and therefore no response is required from Soriano. To the extent that a response is deemed required, Soriano is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 26 through 29.

30. There is no paragraph 30 to which Soriano can respond.

31. Soriano incorporates by reference his responses to all foregoing paragraphs of the complaint.

32. Soriano is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, but denies that any member of the plaintiff's family is entitled to compensation for emotional distress due to any action of Soriano.

33. Soriano is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

In further answer, Soriano states that all allegations of the complaint not specifically admitted above are denied.

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Zheng's claims are barred by accord and satisfaction. In particular, Zheng and Soriano entered into one or more contracts whereby all claims between the parties relating to

4

the properties were settled. Pursuant to one such contract, Zheng agreed "to settle any and all matters between you [Zheng] and me [Soriano] and that this would be a full and final settlement for the damage to your property and any other consideration."

### THIRD DEFENSE

The doctrine of waiver bars Zheng's claims. In particular, by written agreement with Soriano, Zheng agreed "not to submit this matter to [Zheng's] insurance company and to void any previous claim submissions which would represent a duplication of [Soriano's] agreement to make the repairs to the common wall and facade of [Zheng's] building and which could then allow the insurance companies to subrogate this matter against [Soriano]."

### FOURTH DEFENSE

Zheng's claims are barred by payment. In particular, Zheng and Soriano entered into a contract whereby all claims between the parties relating to the properties were settled. Soriano tendered full payment under the contract.

### FIFTH DEFENSE

Zheng's claims are barred by release. In particular, Zheng and Soriano entered into a contract whereby all claims between the parties relating to the properties were settled. Soriano tendered full payment under the contract, which plaintiff Zheng wrongfully rejected, thereby releasing Soriano from any claims settled by the contract.

### SIXTH DEFENSE

Zheng is estopped by his own actions to claim against Soriano.

### SEVENTH DEFENSE

Zheng's claims are barred by unclean hands.

### SIXTH DEFENSE

Zheng's claims are barred by his failure to mitigate his damages.

### SEVENTH DEFENSE

Zheng's claims of negligence are barred by contributory negligence.

### EIGHTH DEFENSE

Zheng's claims of negligence are barred by assumption of the risk.

### RELIEF REQUESTED

Soriano requests that the complaint brought against him by the plaintiff be dismissed and that he be awarded the costs of this action, including reasonable attorneys' fees, together with such additional relief as the court deems appropriate.

### COUNTERCLAIM AGAINST DE-YI ZHENG

Alejandro Soriano, by counsel, counterclaims against De-Yi Zheng and states:

1.     In or around May 2004, Soriano required a neighbor consent letter from Zheng in order to obtain building permits for the renovation Soriano's property located at 1555 – 9th Street, NW, Washington, DC.  Soriano's property borders on property owned by Zheng at 1553 – 9th Street, NW.   Zheng provided the consent letter.

2.     At or about the time he provided the consent letter, Zheng was conducting work on his side of the party wall using Melvin Taylor, trading as MT Builder, Co., as his contractor.  Zheng told Soriano that unless Soriano used Taylor for the work needed on the Soriano property, Zheng would cause a stop-work order to be issued by the D.C. Government that would prevent Soriano from completing the work on his property.   Zheng gave no basis for the threatened issuance of a stop-order.

3. Fearing Zheng would carry out his threat of a stop order or otherwise delay work on the property, Soriano hired Taylor/MT Builder, to do the work on the Soriano property.

4. When Zheng purchased his property located at 1553 – 9th Street, NW, in or around May 2004, the property was in poor structural condition. On May 13, 2004, only shortly after Zheng had purchased the property, he and Taylor obtained a DC building permit for urgent structural repairs at the Zheng property. The work performed by Zheng in connection with those structural repairs, performed by Zheng and his contractor, Taylor, caused the partial collapse of Soriano's property. The structural damage was so severe that 1555 – 9th Street later was condemned.

5. As of May 13, 2004, Soriano had not begun any work on 1555 – 9th Street. When Soriano did commence work, the work was performed by Taylor, at Zheng's insistence. Soriano observed Taylor being supervised daily by Zheng.

6. Following the structural damage caused by Taylor's and Zheng's activities, Soriano engaged a construction expert, Lewis Smith of Professional Inspection and Testing Services, who reviewed the damage to the Soriano property and who concluded that the damage appeared to be deliberate. In point of fact, it was the considered opinion of construction specialists that the damage was to such an extent and of such a nature that it could not have been accidental.

7. Taylor eventually abandoned the job site. Shortly afterwards, Taylor admitted to Soriano that counterdefendant Zheng expected Taylor to renovate 1553 – 9th Street for free in return for Zheng facilitating the Soriano contract to fix the Soriano property. Soriano was

7

further told by Taylor that Zheng had ordered the front of 1553 – 9th Street to be demolished, because, in his words, "it was no good."

8. Unbeknownst to Soriano at the time of his dealings with Taylor, neither Taylor nor MT Builder is a licensed contractor in the District of Columbia.

9. Taylor/MT Builder was paid $72,600 for work that was improperly performed. It cost Soriano an additional $32,700 in an effort to clean up the debris left by Zheng's required contractor and agent or co-venturer, Taylor. Furthermore, construction delays caused by Taylor or Zheng cost Soriano another $30,000. An additional $180,000 was incurred by Soriano because of the destruction of 1555 – 9th Street by Zheng and his agent or co-venturer, Taylor and MT Builder.

10. To avoid further liability and to keep his project moving, Soriano agreed to pay $23,000 in repairs to Zheng in return for a complete and full release of any damages associated with Zheng's property. Zheng also agreed not to submit any claim to any insurer. The agreement is set out in a contract entitled "Settlement and Release of Liability, entered into by Soriano and Zheng on December 28, 2004. A copy of the settlement and release agreement is attached to this Counterclaim as Exhibit 1. A notarized reaffirmation of the December 28, 2004 agreement was signed by Zheng on March 18, 2005. A copy of the reaffirmation is attached to this Counterclaim as Exhibit 2.

11. Soriano later learned from one of Taylor's foremen that Taylor and Zheng laughed at how they "had sat [Soriano] down" to extract the additional $23,000 from him.

12. Soriano later learned that neither Taylor nor "MT Builder" is a licensed contractor in the District of Columbia.

13. On information and belief, Zheng is not a licensed contractor in the District of Columbia.

14. The actions of Zheng and his agent or co-venturer, Taylor, have caused damages to Soriano in excess of $75,000.

## COUNT I

### Breach of Contract

15. Counter-plaintiff Soriano realleges the factual allegations of paragraphs 1-14 above.

16. The settlement agreement between Soriano and Zheng was constituted a binding contract a copy of which is attached as Exhibit 1.

17. Soriano made all payments required under the contract or attempted to make a required payment, which payment was wrongfully rejected by Zheng.

18. The contract between the parties settled all claims between Zheng and Soriano. It is a violation of the contract between the parties for Zheng to pursue his claims against Soriano or to bring this lawsuit.

19. Zheng's pursuit of his claims against Soriano and his filing of this lawsuit constitute a breach of contract.

20. By reason of Zheng's breach of contract Soriano has incurred and will in the future incur expenses, including costs and attorneys' fees, associated with the defense of those claims and these proceedings.

Soriano requests damages against Zheng in an amount in excess of $75,000, to be proven at trial.

## COUNT II

9

Malicious Use of Process

21.	Counter-plaintiff Soriano realleges the factual allegations of paragraphs 1-14 above.

22.	The settlement agreement between Soriano and Zheng was constituted a binding contract a copy of which is attached as Exhibit 1.

23.	Soriano made all payments required under the contract or attempted to make a required payment, which payment was wrongfully rejected by Zheng.

24.	The contract between the parties settled all claims between Zheng and Soriano.  It is a clear and obvious violation of the contract between the parties for Zheng to pursue his claims against Soriano or to bring this lawsuit.

25.	Zheng has intentionally and maliciously instituted his claims against Soriano in these proceedings without reasonable cause or plausible grounds to do so for the sole purpose of harassing or subduing Soriano to extract an unjustified monetary payment from Soriano for which there is no lawful basis.

26.	Zheng's institution and prosecution of these proceedings constitute a malicious use of process.

27.	By reason of Zheng's malicious actions Soriano has incurred and will in the future incur expenses, including costs and attorneys' fees, associated with these proceedings.

Soriano requests compensatory damages against Zheng in an amount in excess of $75,000, to be proven at trial, plus punitive damages in the amount of $500,000.

COUNT III
Intentional Destruction of Property

28.	Counter-plaintiff Soriano realleges the factual allegations of paragraphs 1-14 above.

29.     Zheng intentionally caused structural damage to be done to Soriano's property located at 1555-9th Street, NW, Washington, DC, the extent of which was so severe that Soriano's property had to be razed.

30.     By reason of Zheng's intentional infliction of damage upon Soriano's property, Soriano suffered damages in excess of $75,000.

Soriano requests damages against Zheng in an amount in excess of $75,000, to be proven at trial, plus punitive damages in the amount of $500,000.

## COUNT IV

### Conspiracy

31.     Counter-plaintiff Soriano realleges the factual allegations of paragraphs 1-14 above.

32.     Zheng conspired with Taylor and MT Builders to cause damage to Soriano's property, located at 1555-9th Street, NW, Washington, DC, in order to obtain financial benefits for himself.

33.     The damage caused by Zheng to the Soriano property 1555-9th Street, NW, Washington, DC, was so severe that Soriano's property had to be razed.

34.     By reason of Zheng's actions resulting in damage to Soriano's property, Soriano suffered damages in excess of $75,000.

Soriano requests damages against Zheng in an amount in excess of $75,000, to be proven at trial, plus punitive damages in the amount of $500,000.

## COUNT V

### Violation of Contractor Licensing Requirements

35. Counter-plaintiff Soriano realleges the factual allegations of paragraphs 1-14 above.

36. By requiring Soriano to utilize the services of Zheng's agent or co-venturer, Taylor, for construction services to the Soriano property and by supervising and directing the work on Soriano's property, Zheng acted as a building contractor.

37. At the time of the acts complained of, neither Zheng nor his agent or co-venturer, Taylor, had a contractor's license as required by the law of the District of Columbia (DC Code §§ 47-2842, 47-2844 and 28-3905).

38. The receipt of payments by Taylor and/or Zheng, as unlicensed contractors in the District of Columbia, for work performed on Soriano's property was unlawful and Soriano is entitled to the refund of all monies paid to Zheng or his agent or co-venturer, Taylor, for said work.

Soriano requests a judgment against Zheng requiring the repayment of all monies paid by Soriano to Zheng or Taylor, in an amount in excess of $75,000 to be proven at trial.

## COUNT VI
### Negligence

39. Counter-plaintiff Soriano realleges the factual allegations of paragraphs 1-14 above.

40. In the alternative to the allegations of Count III for Intention Destruction of Property, Soriano alleges that Zheng owed him a duty to use reasonable efforts not to cause damage to Soriano's property located at 1555-9th Street, NW, Washington, DC.

41. Zheng breached his duty to Soriano by negligently supervising Zheng's agent, Taylor, which directly and proximately resulted in damage to Soriano's property.

42,   Alternatively, Zheng breached his duty to Soriano by negligently insisting that Soriano utilize Zheng's agent or co-venturer, Taylor, when he knew or should have known that Taylor was an unlicensed contractor.

43.   As a direct and proximate result of Zheng's negligent insistence on using an unlicensed contractor, Soriano suffered damage to his property so severe that the property had to be razed.

44.    As a direct and proximate result of Zheng's negligent insistence on using an unlicensed contractor, Soriano suffered damages in excess of $75,000.

Soriano requests damages against Zheng in an amount in excess of $75,000, to be proven at trial.

## COUNT VII
### Fraud

45.   Counter-plaintiff Soriano realleges the factual allegations of paragraphs 1-14 above.

46.   Zheng knew that Soriano needed the services of a contractor.

47.   Zheng recommended Taylor and, in fact, insisted that Soriano use Taylor's services.

48.   Zheng did not disclose to Soriano that he had a "kick-back" agreement with Taylor whereby Zheng would receive construction services from Taylor free or for a reduced rate in return for obtaining for Taylor the construction work needed by Soriano.

49.   Zheng did not disclose to Soriano that Taylor was an unlicensed contractor.

50.   Zheng did not disclose to Soriano that Taylor and Zheng were co-venturers.

51.   Soriano reasonably relied upon Zheng's recommendation to use Taylor.

52. But for Zheng's deliberate withholding of a material fact, viz., that he had a kick-back scheme with Taylor, Soriano would not have used Taylor.

53. But for Zheng's deliberate withholding of a material fact, viz., that Taylor was an unlicensed contractor, Soriano would not have used Taylor.

54. Soriano was entitled to rely on the representations made by Zheng.

Soriano requests a judgment against Zheng requiring the repayment of all monies paid by Soriano to Zheng or Taylor, in an amount in excess of $75,000 to be proven at trial.

        Respectfully submitted,
        Paley Rothman Goldstein Rosenberg
        Eig & Cooper


        _____/s/_____
        Arthur House #161844
        4800 Hampden Lane
        Suite 700
        Bethesda, Maryland  20814
        301.951.9334
        301.654.0165 (fax)

I declare under penalty of perjury that the foregoing is true and correct.

Executed:  March 14, 2006

        _____/s/_____
        Alejandro Soriano